UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MICHAEL DETOUCHE,

               Plaintiff,

    -against-

JTR TRANSPORTATION CORP.,

               Defendant.

-----------------------------------------------------------x

Docket No. _____

**COMPLAINT AND JURY DEMAND**

Plaintiff MICHAEL DETOUCHE, by his attorney DAVID S. RATNER, ESQ. complaining of the Defendant herein, upon information and belief respectfully alleges as follows:

1. Plaintiff MICHAEL DETOUCHE (either Detouche, Plaintiff or Michael hereinafter) is a 55-year-old African American man, a 26-year, decorated, honorably discharged, Master Sergeant having served in the U.S. Army, and a resident of Poughkeepsie, New York.

2. Michael has received awards for both his military and civilian service, including his work after 9/11 at Ground Zero.

3. Michael began working as a bus driver for defendant JTR Transportation Corp. (Defendant or JTR) in 1999.

4. During Michael's tenure at JTR, JTR discriminated against him and other African bus drivers by giving the African American drivers worse assignments than the white drivers, subjecting the African America drivers to verbal abuse, and generally creating a work place rife with discriminatory racial animus.

5. In addition Michael and other African American bus drivers were denied the same opportunities for advancement and work as white bus drivers.

1

6. For example, if JTR experienced a reduction in the amount of work available, JTR would furlough the African American drivers but keep the white drivers.

7. Michael worked for JTR part-time from 1999 until May 2014. From his commencement of work at JTR until his wrongful termination on or about May 18, 2016, Plaintiff Michael worked for JTR in Poughkeepsie, New York.

8. At all times hereinafter mentioned, Defendant JTR was, and is still today, a transportation company, which operates a fleet of luxury motor coaches out of Poughkeepsie, New York. The fleet operates on routes both within and outside the borders of the State of New York.

9. Defendant JTR is a corporation organized and existing under and by virtue of the laws of the State of New York, with a principal place of business at 192 Cottage Street in the City of Poughkeepsie, County of Dutchess, and State of New York.

10. JTR has been in business for over twenty-five (25) years, employs approximately 25 people, all of whom work out of the Poughkeepsie, New York location.

11. Throughout Plaintiff's employment and at all relevant times, Thomas Delventhal was the Chief Executive Officer of JTR.

12. Throughout Plaintiff's employment and at all relevant times, Robert Delventhal was the Principal Executive at JTR. and Michael's immediate supervisor

13. Throughout Plaintiff's employment with Defendant JTR, Plaintiff reported directly to Robert Delventhal.

14. At all relevant times, Thomas and/or Robert Delventhal acted within the scope of their duties as officers, directors, executives, managers, supervisors, employees and/or agents of Defendant JTR.

**JURISDICTION AND VENUE**

2

15. Under 28 U.S.C. §1331 (federal question), this Court has jurisdiction over the subject matter of this action.

16. Under 28 U.S.C. 1367(a), this Court has supplemental jurisdiction over the subject matter of plaintiff's state law claims.

17. Venue is proper in the Southern District of New York both because defendant's principal place of business is in this District, and because the unlawful acts complained of herein occurred in this District.

## DEFENDANT ENGAGED IN RACE DISCRIMINATION, MAINTAINED A RACIALLY HOSTILE WORK ENVIRONMENT, AND RETALIATED AGAINST PLAINTIFF ON THE BASIS OF RACE

18. This lawsuit arises out of unlawful and shocking conduct by Defendant JTR against Plaintiff Michael Detouche during his employment because of his race.

19. In short, Defendant JTR unlawfully terminated Plaintiff's employment and used Federal drug testing requirements as cover for doing so – all while flouting the most basic of those requirements.

20. Defendant JTR also, through its agent Robert Delvanthal, intimidated Plaintiff with a weapon and used racial slurs in a purported attempt to have Plaintiff comply with Federal drug testing requirements.

## PLAINTIFF'S BACKGROUND AND EMPLOYMENT AT JTR

21. Plaintiff Michael Detouche earned his High School Diploma from Ellenville High School in 1981.

22. Michael served for 26 years in the United States Army, from about 1986 until 2013, when Plaintiff was honorably discharged having reached the rank of Master Sergeant. In 2010 he was deployed to Iraq.

23. Plaintiff obtained his New York Commercial Drivers' License in 1998.

24. Plaintiff began working for JTR as a bus driver part time in 1999 and full time commencing in or about May 2014.

25. At all relevant times, Plaintiff's boss and direct supervisor at JTR was Robert Delventhal.

26. As a bus driver, Plaintiff must submit to random drug and alcohol testing pursuant to federal law. See 49 C.F.R. 382.305.

27. Federal law requires employers not to make their employees aware of when they will be tested: "Each employer shall ensure that random . . . controlled substance test[s] conducted under this part are unannounced." See 49 C.F.R. 382.305(k)(1), *emphasis added*.

### PLAINTIFF'S SPECIFIC ALLEGATIONS

28. Throughout Plaintiff's employment, Plaintiff was subjected to a racially hostile work environment as well as acts of racial discrimination.

29. For example: Plaintiff, despite being qualified, was denied promotions and advancement throughout his employment at JTR. When his supervisors addressed Michael they often referred to African Americans as "you people" in a racially derogatory manner. His supervisor often talked about Black male genitals. Michael's supervisors also made numerous derogatory comments about Michael's Philippine wife.

30. The foregoing acts affected the terms and conditions of Plaintiff's employment and caused him to suffer severe emotional distress.

31. On or about May 16, 2016 Plaintiff notified JTR that he would not be at work for a few days because he was unable to drive as a result of an on-the-job injury.

32. On or about May 16, 2016, JTR told Plaintiff that JTR scheduled Michael to be "randomly tested" for drugs and/or alcohol on May 18, 2016.

33. On May 16, 2016 Michael told Robert Delventhal that he could not appear for the "random" test because he was scheduled to be off from work. Robert Delventhal then became furious, pulled a pistol from his desk in a threatening manner, yelled at Michael and complained to Michael in a loud threatening manner about "you people" referring to African Americans in a derogatory manner.

34. Michael became upset, frightened and, as a result suffered and continues to suffer severe emotional distress.

35. Michael did not appear for the drug test. JTR then fired Michael for not appearing for the "random" drug and alcohol test.

36. JTR's purported reason for firing plaintiff is that he failed to appear for this scheduled random drug test. However this reason is pretext for JTR's racially motivated reason for firing Michael.

37. A scheduled random drug test is an oxymoron. If something is scheduled, it is not random.

38. Defendant JTR's failure to comply with the most basic premise of 49 C.F.R. 382.305, with which JTR should be familiar with since it has been governed by it since 2001, is evidence that this drug test was scheduled not to comply with Federal law, but to furnish JTR with a pretextual non-discriminatory basis for Plaintiff's termination.

39. Moreover, Robert Delventhal's wildly disproportionate, menacing, and racially targeted reaction to Plaintiff's unavailability to work May 18, 2016 is further evidence that Plaintiff was terminated because of racial animus.

40. The foregoing acts affected the terms and conditions of Plaintiff's employment and caused him to suffer severe emotional distress.

## AS FOR A FIRST CAUSE OF ACTION
### TITLE VII DISCRIMINATION, UNLAWFUL TERMINATION AND RACIALLY HOSTILE WORK ENVIRONMENT

41. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

42. Before filing this suit, Plaintiff filed his charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC").

43. On July 26, 2017 the EEOC closed its file on this matter and issued a "right to sue" letter.

44. This action is being commenced within ninety (90) days of plaintiff receiving the EEOC right to sue letter.

45. Defendant's actions toward plaintiff including firing plaintiff, subjecting plaintiff to discriminatory words and conduct and maintaining a racially hostile work environment are violations of Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. §2000(e).

46. As a result of defendant's violation of this Act, plaintiff is entitled to money damages in the amount of $5,000,000.00 for his past and future loss of earnings and benefits, pain and suffering, emotional distress, punitive damages, and attorneys' fees.

## AS FOR A SECOND CAUSE OF ACTION
### NYSHRL DISCRIMINATION, UNLAWFUL TERMINATION AND RACIALLY HOSTILE WORK ENVIRONMENT

47. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

48. Defendant's actions toward plaintiff including firing plaintiff, subjecting plaintiff to discriminatory words and conduct and maintaining a racially hostile work environment are violations of the NYSHRL.

49. As a result of defendant's violation of this Law, plaintiff is entitled to money damages in the amount of $5,000,000.00 for his past and future loss of earnings and benefits, pain and suffering, emotional distress, punitive damages, and attorneys' fees.

### JURY DEMAND

50. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff MICHAEL DETOUCHE demands judgment against Defendant JTR TRANSPORTATION CORP. in the First Cause of Action in the amount of FIVE MILLION ($5,000,000) DOLLARS; and in the Second Cause of Action in the amount of FIVE MILLION ($5,000,000) DOLLARS; all together with the costs and disbursements of this action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

Dated: October 9, 2017

DAVID S. RATNER, ESQ  (DR7758)
33 Julianne Court
Walnut Creek, CA 94595
(917) 900-2868